IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN E. SIGNOR,** | : | CIVIL ACTION NO. 1:13-CV-2627 |
| **Plaintiff** | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **JOHN DOE #1,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

This is a civil rights action filed by plaintiff Glenn E. Signor ("Signor"). Presently before the court is defendant's motion (Doc. 10) for summary judgment. For the reasons that follow, the motion (Doc. 10) will be granted.

I.  **Background**[1]

On or about October 17, 2012, Signor was charged with driving under the influence. (Doc. 11 ¶ 3). Signor failed to appear for court on November 28, 2012, and a bench warrant was issued for his arrest. (Id. ¶ 4). On December 13, 2012, Signor's bail was set at $5,000.00 and the bench warrant was lifted. (Id. ¶ 5). However, Dauphin County mistakenly failed to remove the warrant from the NCIC system. (Id. ¶ 6).

On April 6, 2013, Officer Harry Morrison ("Officer Morrison") of the Paxtang Boro Police department was on patrol when he noticed Signor and others outside of a

---

[1] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to Signor, the non-moving party. See *infra* Part II. The court notes, however, that Signor's counsel failed to file any response to defendant's motion. By order dated June 17, 2014, the court explicitly ordered Signor's counsel to file such a response. (Doc. 15). Local Rule 56.1 provides that the moving party's statement of facts will be deemed "admitted unless controverted" by the opposing party.

residence. (Id. ¶ 7). Officer Morrison ran the registration tag on the vehicle from which Signor was exiting and was informed via NCIC that there was a "failure to appear" warrant for Signor's arrest in Dauphin County. (Id. ¶ 8). Officer Morrison contacted Dauphin County officials directly and confirmed that the warrant was still active and valid. (Id. ¶ 9). Officer Morrison then approached Signor and confirmed that he was the person identified in the warrant. (Id. ¶ 10). Officer Morrison took Signor into custody. (Id. ¶ 13). In Dauphin County, officials again confirmed the validity of the warrant to Officer Morrison. (Id. ¶ 14). At some point later, Dauphin County officials discovered that the warrant was no longer valid and that it should have been removed from the system by county officials. (Id. ¶ 16). Once this error was discovered, Dauphin County released Signor from custody. (Id. ¶ 17).

Signor filed the instant action against defendant "John Doe #1," a Paxtang Boro police officer, in the Dauphin County Court of Common Pleas on September 25, 2013. (See Doc. 1). Signor sues under 42 U.S.C. § 1983 for John Doe's alleged violation of his Fourth Amendment right against unreasonable seizure. (Id.) Signor also sets forth a state law claim for false imprisonment. (Id.)

Defendant removed the action to this court on October 24, 2013, and identified "John Doe #1" as Officer Harry Morrison. (Id.) Despite defendant's identification of Officer Morrison, Signor's counsel, Vincent Monfredo ("Attorney Monfredo"), never filed an amended pleading identifying John Doe #1. (Doc. 11 ¶ 2). The court held an initial case management conference on November 22, 2013, and set April 14, 2014, as

the deadline for discovery. (Doc. 9). According to defendant, Signor's counsel failed to engage in any discovery whatsoever. (Doc. 12 at 1).

Defendant filed the instant motion (Doc. 10) for summary judgment on May 14, 2014. Defendant alleges that summary judgment in his favor is warranted because plaintiff has failed to bring forth any evidence in support of his claim and because plaintiff's claims fail as a matter of law. Signor's counsel failed to file a brief in opposition to this motion. By order of June 17, 2014 (Doc. 15), the court alerted Signor's counsel to Local Rule 7.6, which provides that a party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion." The court also directed Signor's counsel to file a brief in opposition by June 24, 2014. Signor's counsel failed to file any brief in compliance with this new deadline. Accordingly, the motion is deemed unopposed and is ripe for disposition. See FED. R. CIV. P. 56(e); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998) ("[T]he district court may not grant a motion for summary judgment . . . solely because the motion is unopposed; such motions are subject to review for merit."). The court will proceed with a review of the merits of defendant's motion.

II. **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(a). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City

of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

**III.   Discussion**

Signor asserts a claim under § 1983 for violation of his constitutional right against unreasonable seizure under the Fourth and Fourteenth Amendment.  Signor also alleges a claim for false imprisonment under Pennsylvania law.  Defendant claims that Signor has failed to present any evidence in support of his claims and that he is now entitled to judgment as a matter of law.  Defendant also alleges that "John Doe #1," or Officer Morrison, is entitled to qualified immunity.  The court will address these issues *seriatim*.

Preliminarily, the court notes that Signor's failure to present any evidence in support of his claims is, by itself, fatal.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (stating that only if the non-moving party meets their burden, "through submission of sufficient evidence to sustain favorable jury findings with respect to each essential element of the claim, can the cause of action proceed.").  Moreover, Signor's failure to amend his pleading to identify "John Doe #1" requires the defendant's dismissal from the action.  See Blakeslee v. Clinton County, 336 F. App'x 248, 250 (3d Cir. 2009) ("Use of John Doe defendants is permissible in certain

situations until reasonable discovery permits the true defendants to be identified." (citing Klingler v. Yamaha Motor Corp., U.S.A., 738 F. Supp. 898, 910 (E.D. Pa. 1990))).

It is highly unusual for a plaintiff to so wholly fail to pursue an action when that party is represented by counsel. Sworn members of the Pennsylvania bar are responsible for not only acting "with reasonable diligence and promptness in representing a client," but also for making "reasonable efforts to expedite litigation consistent with the interests of the client." See PA. RULES OF PROF'L CONDUCT 1.6, 3.2.[2]

Despite the inaction of plaintiff's counsel, the court must address the substantive legal claims involved in this action and determine whether, based on defendant's uncontested statement of facts, defendant is entitled to judgment as a matter of law.

---

[2] The court is concerned because Attorney Monfredo also represents a plaintiff in another case before the court with an unopposed, pending motion for summary judgment. (See Hunte v. Howell, 1:13-cv-2676). The court also deemed another action abandoned when Attorney Monfredo failed to file an amended complaint on behalf of his client within the specified time period. (See Black v. City of Harrisburg, 1:11-cv-1912, Doc. 39). Following that dismissal, Attorney Monfredo sent his client a letter stating that he committed malpractice and advising his client that he could file a malpractice claim. (See Black v. Monfredo, 1:14-cv-788, Doc. 1).

### A.     Count I: 42 U.S.C. § 1983 Claim

42 U.S.C. § 1983 offers private citizens a means to redress violations of federal law committed by state officials.  Section 1983 is not itself a source of substantive rights but instead provides a method for vindicating rights secured through the Constitution or federal statutes.  Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).  In the instant case, Signor seeks damages for the alleged violation of his Fourth and Fourteenth Amendment rights against unreasonable seizure based on his false arrest.  U.S. CONST. amend. IV.

To prevail on his claim, Signor must established that he was arrested without probable cause.  Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  Probable cause to arrest exists when the "facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  Id.  When an officer arrests an individual pursuant to a facially valid arrest warrant, courts generally find that the officer possessed probable cause to arrest.  See Garcia v. County of Bucks, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001).  A police officer executing an arrest warrant is not constitutionally required "to investigate independently every claim of innocence," even if the warrant turns out to be invalid at the time of arrest.  Baker v. McCollan, 443 U.S. 137, 145-46 (1979); see also Wise v. City of Phila., Civ. A. No. 97-2651, 1998 WL 464918, at *1 (E.D. Pa. July 31, 1998) (citing cases).

In this case, the factual record reflects that Officer Morrison identified Signor and learned that there was a warrant for his arrest.  (Doc. 11 ¶¶ 7, 8).  In addition,

6

Officer Morrison confirmed the existence and validity of the warrant on two separate occasions, including one by direct communication with Dauphin County officials. (Id. ¶¶ 9-14). Based on these facts, there is no dispute that Officer Morrison possessed probable cause to arrest Signor. Accordingly, defendant is entitled to judgment as a matter of law on Signor's § 1983 claim. The court finds that defendant has not violated a constitutional right; thus, the court need not determine whether Signor is otherwise entitled to qualified immunity.

### B. False Imprisonment

Signor also presents a claim for false imprisonment under Pennsylvania law. False imprisonment is the unlawful detention of another person. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). Similar to a claim for false arrest pursuant to § 1983, a plaintiff cannot assert a claim for false imprisonment when an officer arrests the plaintiff based upon probable cause. Id. There is no genuine dispute that Officer Morrison possessed probable cause to arrest Signor based upon the facially valid warrant. Thus, defendant is entitled to judgment as a matter of law on Signor's false imprisonment claim.

### IV. Conclusion

For the above-stated reasons, the court will grant defendant's motion (Doc. 10) for summary judgment. An appropriate order follows.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

Dated:     July 15, 2014